# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:03CR79-10 |
| | § | |
| KEVIE LENN JOHNSON | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 15, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kevie Lenn Johnson. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Craig Bass.

Defendant originally pled guilty to the offense of Possession of 5 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base, also known as Crack Cocaine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. On May 7, 2004, District Judge Leonard Davis sentenced Defendant to 103 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include providing the probation officer with access to any requested financial information for purposes of maintaining lawful employment; and participating in a program of testing and treatment for drug and alcohol abuse under the guidance and direction of the U.S. Probation Office . On April 29, 2008, Defendant's imposed sentence of imprisonment was reduced pursuant to 18 U.S.C. § 3582 (c)(2); Defendant's sentence of 103 months was reduced to 86 months, followed by 3 years of

supervised release. On November 25, 2009, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was prohibited from committing another federal, state, or local crime and unlawfully using a controlled substance. In its petition, the government alleges that Defendant violated his term of supervised release when he (1) was convicted of Driving While Intoxicated in Panola County, Texas (Cause No. 26413) and sentenced to a term of 30 days in jail; (2) was convicted in federal court for the offense of Possession of a Stolen Firearm and subsequently sentenced to 100 months imprisonment, followed by 3 years of supervised release (Criminal Action No. 6:12CR13)[1]; and (3) admitted to using Valium on two separate occasions, in addition to testing positive for Benzodiazepines (Valium).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being convicted for Unlawful Possession of a Firearm by a Felon, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being convicted of the offense of Driving While Intoxicated in Panola County, Texas or admitting to the use of Valium, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. §

---

[1] This term is to run consecutively to any future sentence imposed in connection with the revocation of the Defendant's term of supervised release in this case.

7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above. The government recommended 24 months imprisonment to run consecutively to the 100 month sentence imposed in Criminal Action No. 6:12CR13, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Kevie Lenn Johnson be committed to the custody of the Bureau of Prisons for a term of imprisonment of 24 months to run consecutively to the 100 month sentence imposed in Criminal Action No. 6:12CR13, with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Texarkana, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 25th day of February, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE